# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ANN MITCHELL, as Personal Representative of the Estate of Ray Anson Mitchell | * * * * |
| Plaintiff, | * * |
| vs. | * Civil Action No. 15-360 * |
| CITY OF MOBILE, ALABAMA, PATRICK PALMER, STEVEN CHANDLER, AND MIRANDA WILSON, | * * * * * |
| Defendants. | * |

## OFFICER WILSON'S ANSWER TO COMPLAINT

**COMES NOW** the Defendant, Miranda Wilson ("Officer Wilson") and responds to Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION and VENUE

1. Defendant has insufficient information to admit or deny the stated allegation.

2. Defendant has insufficient information to admit or deny the stated allegation.

3. Admitted.

4. Admitted.

1

5. Defendant admits that the complaint states that Plaintiff seeks to pursue a claim under 42 U.S.C. § 1983. All other allegations not specifically admitted are herein denied.

6. Defendant admits that the complaint states that Plaintiff seeks to pursue an Alabama Wrongful Death claim under ALA. CODE § 6-5-410. All other allegations not specifically admitted are herein denied.

7. Defendant admits that she encountered Mr. Mitchell at 785 Bonneville Dr., which is within the City of Mobile Police Jurisdiction. All other allegations not specifically admitted are herein denied.

8. Denied.

## STATEMENT OF FACTS

9. The responses to paragraphs 1 through 8 are adopted and incorporated by reference as if fully set forth herein.

10. Defendant has insufficient information to admit or deny the stated allegation, and therefore denies same.

11. Defendant admits that Mrs. Frye resides at 785 Bonneville Drive. All other allegations not specifically admitted are herein denied.

12. Denied.

13. Defendant has insufficient information to admit or deny the stated allegation, and therefore denies same.

14. Defendant has insufficient information to admit or deny the stated allegation, and therefore denies same.

15. Denied.

16. Defendant admits that Ms. Frye found Ray Anson Mitchell ("Mr. Mitchell") sitting on her back porch. All other allegations not specifically admitted are denied.

17. Denied.

18. Defendant has insufficient information to admit or deny the stated allegations, and therefore denies same.

19. Defendant has insufficient information to admit or deny the stated allegations, and therefore denies same.

20. Defendant admits that she and Officer Chandler entered the back yard of the Frye residence where they made contact with Mr. Mitchell. Defendant further admits that Mr. Mitchell ran from the officers after they made contact with him. Any remaining allegation not specifically admitted is hereby denied.

21. It is admitted that this defendant pursued Mr. Mitchell as he fled, and at some point, Defendant Palmer participated in the pursuit. All other allegations not specifically admitted are denied.

22. Defendant admits that she and Officer Chandler both attempted to use their Tasers to stop Mr. Mitchell during their pursuit and struggle with him on

September 6, 2013. Defendant further admits that the use of the Tasers did not appear to stop Mr. Mitchell.

23. Denied.

24. Denied.

25. Denied.

## COUNT ONE

26. The responses to paragraphs 1 through 25 are adopted and incorporated by reference as if fully set forth herein.

27. Denied.

## COUNT TWO

28. The responses to paragraphs 1 through 27 are adopted and incorporated by reference as if fully set forth herein.

29. Denied.

## COUNT THREE

30. The responses to paragraphs 1 through 29 are adopted and incorporated by reference as if fully set forth herein.

31. Denied.

32. Denied.

## COUNT FOUR

33. The responses to paragraphs 1 through 32 are adopted and incorporated by reference as if fully set forth herein.

34. Defendant denies the stated allegation and all subparts, (a) through (e), in its entirety.

## COUNT FIVE

35. The responses to paragraphs 1 through 34 are adopted and incorporated by reference as if fully set forth herein.

36. Denied.

37. Defendant denies this paragraph and all subparts, (a) through (h), in its entirety.

Defendant denies that Plaintiff is entitled to any relief because the above allegations fail to state a claim for which relief may be granted.

## DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure.

### Second Defense

Plaintiff's claims are barred by applicable statute of limitations.

### Third Defense

Plaintiff lacks standing, authority, and/or the requisite legal capacity or legal existence to maintain the present lawsuit and each and every claim and/or cause of action asserted herein.

### Fourth Defense

At all times material to the allegations of the Complaint, Defendant acted with justification, and all of her actions were justified.

### Fifth Defense

At all times material to the allegations of the Complaint, this defendant used only such force as was reasonably necessary under the circumstances.

### Sixth Defense

Plaintiff's claims against this defendant in her individual capacity are barred because she is entitled to qualified immunity.

### Seventh Defense

Plaintiff's claims against this defendant in her official capacity are due to be dismissed because her employer, City of Mobile, is also named and the inclusion of both parties is redundant.

### Eighth Defense

Any award of punitive damages in this case would violate the Eighth Amendment to the United States Constitution as an excessive fine.

### Ninth Defense

Any award of punitive damages in this case will violate Article I, § 15 of the Constitution of Alabama as an excessive fine.

### Tenth Defense

The imposition of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article I, §§ 6 and 15 of the Constitution of Alabama by failing to provide clear, distinct, and adequate guidelines as to each of the following:

(a) the general standards applicable to such an award;

(b) the protection of the defendant's right to equal protection under the law;

(c) the protection of the defendant's rights to procedural and substantive due process;

(d) the procedures for distinguishing among different alleged wrongful acts or omissions of multiple defendants who are subject to joint and several judgments;

(e) the appropriate distribution of a punitive award among joint defendants;

(f) the appropriate and specific standards and/or burdens of proof for such an award;

(g) the appropriate amount of a punitive award;

(h) the appropriate procedures for imposing a punitive award;

(i) the appellate standard of review of an award of punitive damages;

(j) the introduction of evidence regarding punitive damages in the same proceeding(s) wherein liability and compensatory damages are determined;

(k) the need for separate proceedings (either by trifurcation or bifurcation) in order to determine whether punitive liability exists and the amount of punitive damages to be awarded;

(l) the types and/or degree of conduct warranting punitive damages;

(m) guidance regarding the reasonable relationship between the conduct complained of and the imposition of punitive damages;

(n) safeguards to prevent arbitrary or unjust awards of punitive damages;

(o) reasonable instruction and/or guidance regarding the ratio and/or relationship between the amount of compensatory damages awarded and the amount of punitive damages awarded;

(p) a reasonable limit and/or cap on the amount of punitive damages that a jury can award.

## Eleventh Defense

Defendant also asserts the defense of assumption of risk, and therefore, Plaintiff claims are barred.

### Twelfth Defense

Defendant is entitled to discretionary function (statutory) immunity for any and all state law claims.

### Thirteenth Defense

Defendant acted in self-defense with respect to Mr. Mitchell and pleads all statutes as well as the common law, which bar Plaintiff's claims.

### Fourteenth Defense

Defendant claims the protection of all applicable statutory caps on damages.

### Fifteenth Defense

Defendant is entitled to state-agent (common law) immunity for any and all state law claims.

### Sixteenth Defense

This Court lacks subject matter jurisdiction over this action and/or claims therein.

### Seventeenth Defense

Defendant asserts that the sole proximate cause of Mr. Mitchell's death are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to her, and as such, she can have no liability whatsoever for the claims asserted in the Complaint.

### Eighteenth Defense

Defendant asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which this defendant had no duty or ability to control, thereby constituting an independent cause resulting in injury or death to Mr. Mitchell.

### Nineteenth Defense

Defendant did not violate Mr. Mitchell's clearly established right and her actions were at all times objectively reasonable in light of the facts and circumstances.

### Twentieth Defense

Defendant reserves the right to amend this Answer to allege any and all additional defenses which discovery may reveal to be appropriate.

### Twenty-First Defense

Defendant is entitled to substantive immunity.

### Twenty-Second Defense

Defendant adopts any and all defenses asserted by any co-defendant.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests the Court to dismiss Plaintiff's Complaint with prejudice for failure to

state a claim upon which relief may be granted and to award this Defendant any other relief that the Court deems appropriate.

Respectfully submitted, this 8th day of September, 2015.

                                          Respectfully submitted,

                                          */s/ Latisha Rhodes Davis*
                                          LATISHA RHODES DAVIS (RHODL6152)
                                          Email: lrd@ajlaw.com
                                          MARK A. NEWELL (NEWEM3180)
                                          Email:  man@ajlaw.com
                                          **ARMBRECHT JACKSON LLP**
                                          63 South Royal Street
                                          1300 Riverview Plaza
                                          Mobile, Alabama 36602
                                          (251) 405-1300
                                          (251) 432-6843 (fax)
                                          *Attorneys for Miranda Wilson*

# **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this the 8th day of September, 2015, served a copy of the foregoing pleading by electronic filing and/or by mailing the same by United States mail properly addressed and first class postage prepaid to the following:

Kenneth Andrew Hairston, Esq.
1826 3rd Avenue South
Birmingham, AL 35233

Ernest Lloyd Jarrett, Esq.
Ernest L. Jarrett P.C
65 Cadillac Square Suite 2100
Detroit, MI 48226

Michael D. Strasavich, Esq.
Ricardo A. Woods, Esq.
Atoyia A. Scott, Esq.
Burr & Forman LLP
RSA Rower
11 North Water Street
Suite 22200
Mobile, AL 36602

Thomas O. Gaillard, III, Esq.
Satterwhite, Druhan, Gaillard & Tyler, LLC
1325 Dauphin Street
Mobile, AL 36604-2121

Mark L. Redditt, Esq.
Maynard Cooper & Gale, PC
11 N. Water Street
Suite 27000
Mobile, AL 36602-3809

/s/ Latisha Rhodes Davis