IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANN MITCHELL, Personal Representative of the Estate of Ray Anson Mitchell, Deceased, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CITY OF MOBILE, ALABAMA, et al., )<br><br>Defendants. ) | CIVIL ACTION NO. 15-0360-CG-C |

### ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on a motion to alter or amend the judgment of the Court filed by Plaintiff Ann Mitchell ("Plaintiff"). (Doc. 106). Defendants City of Mobile, Alabama; Steven Chandler; and Miranda Wilson ("Defendants") filed a response in opposition (Doc. 110), and Plaintiff filed a reply thereto (Doc. 112). Based on the following, the Court finds Plaintiff has not met her burden of demonstrating any of the reasons that justify altering or amending the Court's Order in this matter.

This action arises out of a police shooting that took the life of Ray Anson Mitchell ("Mitchell"). Plaintiff, Mitchell's mother and personal representative, filed a five-count complaint brought pursuant to 42 U.S.C. § 1983 and various state law claims. *See* (Doc. 1). After the parties stipulated to the dismissal of Count Five asapplied to City of Mobile, Alabama, Defendants moved for summary judgment on

the remaining counts. (Doc. 73). The Court granted Defendants' motion and dismissed all remaining counts. (Doc. 104). Now, Plaintiff asks the Court to alter or amend its ruling and judgment, pursuant to Federal Rule of Civil Procedure 59(e), and find that Defendants were not due summary judgment. (Doc. 106, p. 1). Essentially, Plaintiff asks for relief under Rule 59(e) in order to correct errors of the Court and prevent a "manifestly unjust outcome." *Id.* at 23.

A motion to reconsider under Federal Rule of Civil Procedure 59(e) is available only "when a party presents evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). A motion to reconsider based upon clear error is appropriate "when the Court has patently misunderstood a party … or has made a mistake, not of reasoning, but of apprehension." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 490 (M.D. Fla. Oct. 7, 1999). Nor does a motion for reconsideration provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Thus, "[t]he

burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsborough Cnty*, 149 F.R.D. 235, 235 (M.D. Fla. 1993): *see also Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (the losing party "must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion" ) (citation omitted).

To begin, Plaintiff attempts to offer "newly submitted exhibits [that] were not previously submitted in connection with Plaintiff's" response to Defendants' summary judgment motions as support for relief. (Doc. 106, p. 2). Plaintiff continues, "All of the supplemental exhibits were produced in discovery and are either the testimony of the defendants themselves or summaries of statements made by them." *Id.* Additionally, Plaintiff offers an excerpt from the Mobile Police Department training manual regarding the functions and operations of Tasers officers carry. *Id.* Plaintiff maintains that the "newly submitted exhibits will demonstrate the Court's misapprehension of Plaintiff's contentions and/or will place previously submitted evidence in a proper context." *Id.* Plaintiff explains that all of the newly submitted evidence was "produced in discovery" by Defendants. *Id.*

Defendants counter that it is improper to consider this evidence because it is not newly discovered evidence. (Doc. 110, p. 6). Instead, Defendants continue, it is evidence that was already in Plaintiff's possession that she could have included in her response to summary judgment. *Id.* The Court agrees.

As the Eleventh Circuit has explained, a Rule 59(e) motion may be granted

based on the movant offering "newly-discovered evidence." *Arthur*, 500 F.3d at 1343. But a Rule 59(e) motion is not a vehicle by which a party can "present evidence that could have been raised prior to entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "It is simply too late for [Plaintiff] to supplement the summary judgment record with evidence that was omitted from [her] previous submissions, and the Federal Rules of Civil Procedure do not afford [her] a second bite at the apple under the guise of a motion to reconsider." *July v. Bd. of Water & Sewer Comm'rs of City of Mobile*, 2013 WL 66646, at *2 (S.D. Ala. Jan. 4, 2013). Accordingly, the Court will not consider any of Plaintiff's additional evidentiary offerings in deciding this motion.

In the remainder of her motion, Plaintiff rehashes eight arguments that she previously raised in her response to summary judgment. First, she argues that there was no necessity to arrest Mitchell, which is foundational to Defendants' justification of the use of deadly force.[1] (Doc. 106, pp. 6–10). Second, Plaintiff argues that Wilson's stated reasons for shooting Mitchell did not justify her use of deadly force, and the Court erred when it reasoned that Mitchell could have gained control of Wilson's handgun and used it on her or others. (Doc. 106, pp. 10–13). Third, Plaintiff argues that Wilson's description that she was in a "daze-like" mode

---

[1] This and other arguments by Plaintiff, at least implicitly, stand for the proposition that an officer's unreasonable actions before the use of deadly force render such use of force *per se* unreasonable. *See, e.g.*, (Doc. 89, p. 16). Such a proposition has recently been rejected by the Supreme Court. *See Cnty. of Los Angeles, Ca. v. Mendez*, 137 S. Ct. 1539, 1546 (2017) (rejecting the provocation rule applied by the Ninth Circuit whereby a reasonable use of force may be invalidated if a law enforcement officer violated the Fourth Amendment in "some other way in the course of events leading up to the seizure").

4

after Mitchell touch-tased her with her own Taser is inaccurate and was a deliberate lie, which she offered to justify her use of deadly force on Mitchell who could only use the Taser from within arms' length. (Doc. 106, pp. 13–15). Fourth, Plaintiff argues that members of the Mobile Police Department, "whether directly involved in the incident or only involved in its aftermath," worked together to cover up an unjustified use of deadly force by Defendants. (Doc. 106, pp. 15–16). She maintains that this cover up began with altering the scene of the shooting to coaching Wilson on how to answer and never fingerprinting the Taser Defendants maintain Mitchell possessed. Fifth, although the Court noted that there was a dispute as to whether Officers Chandler and Wilson gave a verbal command before firing upon Mitchell, Plaintiff argues that the Court did not properly appreciate the significance of this point when the Court concluded that, under *Williams v. Deal*, 659 F. App'x 580, 601 (11th Cir. 2016), the officers' drawn weapons served as a nonverbal warning. (Doc. 106, pp. 16–19). Sixth, Plaintiff argues that Wilson failed to exhaust other reasonable means of non-deadly force before she employed deadly force, which renders her use of deadly force unreasonable. (Doc. 106, p. 19). Seventh, Plaintiff argues that an objectively reasonable officer would not have viewed Mitchell as a threat because the Taser he possessed could only be used in touch-tase mode from no greater than arms' length. (Doc. 106, pp. 19–20). Eighth, Plaintiff argues that the statements of the officers at the scene of the shooting "attributed vastly different acts to Mitchell which cannot be reconciled with one another, and that the reason for such discrepancies is because Mitchell did not pose

5

the threat they each" stated. (Doc. 106, pp. 20–22). Additionally, throughout these arguments, Plaintiff avers that Mitchell's flight from the Frye residence accomplished the task of removing Mitchell from the property, that Defendants unjustifiably chased Mitchell throughout the neighborhood, and that Wilson's recount of the moments just before the shooting are physically and temporally "preposterous."

The Court has considered these arguments, the arguments presented in Plaintiff's summary judgment response, and the Court's Order. Plaintiff's allegations fail to identify manifest errors of law or fact, newly discovered evidence, or changes in law germane to her complaint. Plaintiff primarily rehashes previously considered and rejected contentions relating to her claims of unjustified deadly force. Rule 59(e) relief is not warranted where a party simply reiterates arguments previously considered and rejected in the underlying ruling. *See, e.g., Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (explaining that "[t]he function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters"); *Atl. Specialty Ins. Co. v. Mr. Charlie Adventures, LLC*, 2015 WL 2095650, at *2 (S.D. Ala. May 5, 2015) (explaining that it "is improper to utilize a motion to reconsider to ask a district court to rethink a decision once made, merely because a litigant disagrees" with the outcome. But to the extent Plaintiff raises new theories of law as a reason for reconsideration, this too is improper. *See Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) (reasoning that a "motion to reconsider should not be used by parties to set forth new theories of law").

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment (Doc. 106) brought pursuant to Federal Rule of Civil Procedure Rule 59(e).

**DONE** and **ORDERED** this 28th day of July, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE