IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANN MITCHELL, Personal Representative of the Estate of Ray Anson Mitchell, Deceased, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CITY OF MOBILE, ALABAMA, et al., )<br><br>Defendants. ) | CIVIL ACTION NO. 15-0360-CG-C |

### ORDER ON VERIFIED MOTION FOR RELIEF FROM ORDER

This matter is before the Court on a verified motion for relief from order striking the expert report of retired Judge LaDoris H. Cordell filed by Plaintiff Ann Mitchell ("Plaintiff"). (Doc. 108). Defendants City of Mobile, Alabama; Steven Chandler; and Miranda Wilson ("Defendants") filed a response in opposition. (Doc. 108). Plaintiff argues that relief from the order striking her untimely expert's report is due based on the mistakes, inadvertence, and excusable neglect of her counsel pursuant to Federal Rule of Civil Procedure 60(b)(1). For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

### I. STANDARD OF REVIEW

Rule 60(b)(1) provides that a party may, "on motion and just terms," move for relief from an order of the court based on "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Relief is appropriate under this

subdivision [ ] 'in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.' " *Vickery v. Medtronic, Inc.*, 2014 WL 12606505, at *2 (S.D. Ala. Apr. 8, 2014) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Plaintiff's Rule 60(b)(1) motion appears to focus on the first instance. " '[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.' " *Morris v. Southern Intermodal Xpress*, 2017 WL 2242960, at *2 (S.D. Ala. May 19, 2017) (quoting *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001)).

The Eleventh Circuit has "demonstrated wariness of grant[s] of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). And courts have consistently held that attorney oversight does not amount to excusable neglect. *See, e.g., Revere v. McHugh*, 362 F. App'x 993 (11th Cir. 2010); *Rogers v. City of Selma*, 2016 WL 2930967 (S.D. Ala. may 9, 2016). "As unfortunate as it may be, attorney 'oversight' does not justify Rule 60(b) relief in the absence of good cause even though it may 'penalize innocent clients for the forgetfulness of their attorney.' " *Rogers*, 2016 WL 2930967, at *1 (quoting *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986)).

## II. ANALYSIS

Plaintiff's counsel maintains that a series of unfortunate and unforeseen

events prevented timely disclosure of Plaintiff's expert report. When viewed in light of the totality of circumstances, she maintains that the untimely filing was unintentional, not in bad faith, and due to uncontrollable circumstances. (Doc. 108, p. 14). Namely, Plaintiff's counsel explains that his back condition and necessary treatment that occurred throughout this proceeding adversely impacted his ability to handle this case as he has many other cases. *Id.* at 12. He offers a proposed timeline of events going back to 2015 in order to explain why Plaintiff's expert report was untimely and due to excusable neglect. He explains that Defendants' assertion of privilege regarding certain reports prevented Plaintiff from completing her discovery before his back surgery and that discovery should have been completed before Plaintiff was required to make her expert disclosure. *Id.* at 17. Plaintiff argues that she would be prejudiced if her expert's report is struck based on these reasons. *Id.*

Defendants parry that they would be prejudiced if the Court were to grant Plaintiff's request, which would result in expensive, time-consuming relitigation in this matter. (Doc. 111, p. 6).

Balancing the position of each party, the Court finds Defendants' prejudice greater. Throughout this case the parties have anticipated that the expert disclosures would be submitted prior to the completion of discovery. Thus, the Court fails to see how Plaintiff can now cry foul based on having to submit her expert disclosure prior to the March 6, 2017 discovery completion date.

Defendants are correct in their assertion that awarding Plaintiff relief would

3

essentially turn back the clock. All those involved have expended a great deal of time and effort in this matter. Granting Plaintiff's motion would unwind these efforts, all to grant Plaintiff's motion made nine months past a deadline for a disclosure made approximately two and a half months late. If Plaintiff's motion were granted, Defendants would be due the opportunity to depose said expert and determine whether a rebuttal expert would be necessary. This would require additional expense (likely significant) by Defendants and time to relitigate this matter for all involved, which would be a direct result of Plaintiff's counsel's actions.

Moreover, "[i]f this court were to allow such late disclosure under the facts of this case, it would be most difficult for the court to insist on compliance with deadlines set in its many other cases. Allowance of use of this expert would, in effect, render such deadlines set in Rule 16 Scheduling Orders meaningless." *Argo Systems FZE v. Liberty Ins. PTE, Ltd.*, 2005 WL 1355060, at *5 (S.D. Ala. June 7, 2005).

Additionally, the Court has reviewed Plaintiff's timeline of events and the following can be ascertained. Plaintiff's counsel was due to fly from Michigan to California in late July in order to undergo surgery. Counsel's doctor informed him that eight weeks were necessary to recover from the procedure. Plaintiff filed a motion to stay these proceedings (Doc. 71), which the Court granted (Doc. 72). This meant that Plaintiff's expert disclosure deadline was pushed out, and not for the first time, to September 30, 2016.

September 30, 2016, came and went and no disclosure was produced. From

what Plaintiff's counsel explains, he did not even read the order addressing the Motion to Stay until after the expert deadline expired.  The Court understands that Plaintiff's Michigan counsel, the one claiming excusable neglect, might have been indisposed, but he is not the only attorney of record for Plaintiff.  Further, Plaintiff's counsel explains that he is not the only attorney in his firm.  Thus, it appears that there was at least one attorney that could keep track of up coming deadlines and get extensions if necessary.

The first time Plaintiff's counsel read the Court's Stay Order was October 26, 2016, almost a month past the expert disclosure deadline.  (Doc. 108, p. 9).  That reading of the Stay Order coincides with the day Defendants began filing their Rule 56 motions.  *See* (Doc. 73; Doc. 78).  Because Plaintiff's counsel read the Order, little question exists that he was aware that the expert disclosure deadline was almost twenty-six days expired.  But Plaintiff's counsel did not move the Court to extend Plaintiff's expert disclosure deadline, even though an extension was within the discretion of the Court if good cause was shown.  *Williams v. Baldwin Cnty. Comm.*, 203 F.R.D. 512, 517 (S.D. Ala. 2001).

Six days later, Plaintiff's counsel moved for more time to respond to Defendants' Rule 56 motions.  (Doc. 87).  But her motion made no mention of a need to complete additional discovery or a need for any expert to complete work on a report, much less a request to produce such a report out of time.  In sync with this motion, Plaintiff's counsel provided Plaintiff's expert with the discovery necessary to prepare her report.  (Doc. 108, p. 9).  He asked for the report as expeditiously as

5

possible. *Id.* The report was to be based on deposition testimony obtained more three months previously. Given this, it is apparent that Plaintiff's counsel anticipated and, indeed, understood that an expert report would accompany a summary judgment response. In spite of this awareness, Plaintiff's counsel failed to request to disclose the expert report outside the expired deadline even though six days had passed since he became aware of missed deadline.

When Plaintiff filed her summary judgment response, retired Judge Cordell's export report was first disclosed as Exhibit Q. In addition to being out of time, the report did not comply with the form requirements of Federal Rule of Civil Procedure 26(a)(2). Nowhere in Plaintiff's response does she contend that she is unfinished with discovery, assert Federal Rule of Civil Procedure 56(d),[1] or ask the Court to allow her to file the expert report out of time. Even when Defendants filed their Motion to Strike, Plaintiff's counsel did not to seek permission from the Court for the report to be accepted out of time or respond thereto. And Plaintiff's counsel did not seek relief from the Court's order striking her expert until June 2, 2017, nearly

---

[1] Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may:
>
>   (1) defer considering or deny it;
>
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>   (3) issue any other appropriate order.

FED. R. CIV. P. 56(d).

six months after she filed her summary judgment response.

The Court understands that medical issues arise and that accommodations become necessary at times. Such is life. But regardless of the unfortunate health issues leading up to the Stay Order in this case, either of Plaintiff's counsel of record, another attorney within the firm, or support staff had ample opportunity to review the Stay Order Plaintiff's counsel requested and ascertain when the expert disclosure deadline would expire. Plaintiff's counsel had several opportunities after reading the Order to seek permission of the Court to extend the deadline but did not. Plaintiff's counsel did not even provide the expert with the material necessary to work up a report until after he was already aware that the expert disclosure deadline had passed and had asked for more time to respond to Defendants' Rule 56 motions. The Court understands Plaintiff's counsel had a backlog of work when he returned and was busy, but he was not too busy to ask for an extension of time to respond to Defendants' Rule 56 motions. Why not also request an extension of the expert disclosure deadline? The Court is unable to find excusable neglect in this situation that warrants relief under Rule 60(b)(1).

Plaintiff's counsel also attempts to justify not responding to the Motion to Strike by explaining that he specifically instructed his office staff to fax any reply that may be filed in this matter over the Christmas 2016 holiday to him, which they did. But given the specific nature of his instruction, the motion to strike was not faxed.

When his regular secretary came back after the holiday, she assumed that

Plaintiff's counsel was aware of the motion in addition to the reply. She, therefore, placed Plaintiff's file back in the filing cabinet. Plaintiff's counsel "did not expect the [M]otion" to Strike. (Doc. 108, p. 19). Plaintiff's counsel further explains that he assumed the Court would order oral arguments on the summary judgment motions, so he did not intend to thoroughly go over the replies (and presumably the case file) until it was time to prepare for said hearing. (Doc. 108, p. 12). The Court presumes that Plaintiff's counsel would have discovered the Motion to Strike upon review of the case file.

The Court finds these explanations for the nearly sixth-month delay in responding to the Motion to Strike do not warrant Rule 60(b)(1) relief for three reasons. First, Plaintiff's counsel states that he did not expect Defendants' Motion to Strike. This expectation was unreasonable given that Plaintiff's counsel was aware of the deadline in the Stay Order and knew it the report would be out of time. Plaintiff's expert report finds the defendant officers' use of deadly force constitutionally impermissible. It is unreasonable to not expect a motion to strike an out of time expert report that directly refutes Defendants' position.

Second, the Court's October 27, 2016 Order setting the response and reply deadline clearly stated that the motions were being submitted without oral argument, although the Court could order such an argument if necessary. (Doc. 86). Therefore, it was unreasonable for Plaintiff's counsel to make such an assumption and postpone his thorough review until an oral argument scheduling order was issued.

Third, Plaintiff's counsel made it clear that additional discovery was necessary in this matter. Indeed, the discovery completion deadline was not until March 6, 2017, which accommodated further discovery. (Doc. 82, p. 2). If Plaintiff's counsel required further discovery, it is reasonable that he would look at Plaintiff's file. If Plaintiff's counsel had looked at Plaintiff's file, the Court finds it hard to understand why the Motion to Strike was not seen. Further, if additional discovery was necessary, the Court does not understand why there was no attempt by Plaintiff's counsel to further any discovery or make contact with Defendants' counsel from July 20, 2016, through May 3, 2017, as Defendants contend.

In sum, the Court finds the prejudice Defendants would experience from allowing Plaintiff's late expert disclosure weighs in their favor. The Court is sympathetic to the medical needs of parties and their attorneys. At times, reasonable accommodations become necessary. Such accommodations were made in this matter. Even so, Plaintiff's expert report was not filed within the extended deadline. Multiple occasions arose for counsel to bring to the Court's attention the need to file out of time Plaintiff's expert report, but no such request was made. Further, multiple occasions arose for Plaintiff's counsel to become aware of the properly noticed Motion to Strike, whereby Plaintiff could have made the necessary response. No such response was made. Now, nine months past the expert disclosure deadline, Plaintiff's counsel asks the Court to allow the report. The Court is unconvinced that Plaintiff's counsel has established excusable neglect that calls for the Rule 60(b)(1) relief Plaintiff seeks.

## III. CONCLUSION

Plaintiff's Verified Motion for Relief From Order (Doc. 108) is **DENIED.**

**DONE** and **ORDERED** this 28th day of July, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE