[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13851
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00360-CG-C

ANN MITCHELL,
personal representative of
the estate of Ray Anson Mitchell,

                                                                               Plaintiff-Appellant,

versus

CITY OF MOBILE,
STEVEN CHANDLER,
MIRANDA WILSON,

                                                                              Defendants-Appellees,

PATRICK PALMER,

                                                                              Defendant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 4, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Ann Mitchell, proceeding pro se on behalf of the estate of her late son, Ray Anson Mitchell, appeals the district court's order granting summary judgment in favor of Defendants Steven Chandler, Miranda Wilson, and the City of Mobile, Alabama. On appeal, she contends she was prejudiced by the negligence of her trial attorneys. In addition, she identifies, but fails to develop, a number of issues related to the district court's order granting summary judgment. After review,[1] we affirm.

## I.  DISCUSSION

*A.  Attorney Negligence*

We generally do not consider issues that were not first raised before the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004). Further, we have recognized that "there is no constitutional or statutory right to effective assistance of counsel [i]n a civil case." *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 (11th Cir. 1983) (quotation omitted). If a party has been prejudiced by the negligent performance of her attorney in a civil

---

[1] "We review a district court order granting summary judgment de novo, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006).

case, there is no relief available on appeal; rather, the party's remedy is to bring a malpractice suit against the attorney. *Id.* at 1523.

Mitchell did not raise in the district court the issue of whether her attorneys' negligent performance resulted in summary judgment. Thus, that issue has been waived on appeal. *See Access Now, Inc.*, 385 F.3d at 1331–32. Further, because this is a civil case, Mitchell cannot seek relief on appeal for the allegedly ineffective assistance of her trial counsel. *See Mekdeci*, 711 F.2d at 1523.

B.  *Remaining Issues*

Although we read briefs filed by pro-se litigants liberally, issues not raised or developed in the opening brief are considered abandoned, and arguments raised for the first time in a reply brief will not be addressed. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A party fails to adequately brief an issue when she raises it in a perfunctory manner, without supporting arguments and authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Further, to obtain reversal of a judgment that is based on multiple, independent grounds, an appellant must challenge every stated ground, or we will affirm. *See Id.* at 680.

Mitchell has abandoned all issues stemming from the district court's grant of summary judgment by failing to develop any legal arguments in her opening brief.

The section of Appellant's Brief titled "Argument/Citations of Authority" states in its entirety:

> In showing due diligence, it is the responsibility of the appellant to show just cause with reciprocity within all states. Therefore, in the case of Ray Anson Mitchell, a clinically diagnosed mentally ill patient under the court-ordered care of Alta Pointe, the state neither insured legal covering of his protected class from the excessive use of force from Mobile County Alabama law enforcement. Discrimination against the mentally ill with regards to appropriate agency training and breaches to the police department's code of ethics were evident. *(Exhibit J- Alabama Code Title 22-50-11 (1) (16) Health, Mental Health, and Environmental Control).* It is unlawful to disrespect the constitutional, legislative, executive, judicial and state laws with respect to justice. It is only right to quote the laws, rules and rights mandated by the Alabama code. *(Exhibit K – Alabama Code 22-56-4 (b) (3) (9) (11) (13) Title Health, Mental Health, and Environmental Control)*

Br. of Appellant at 9. Even viewed liberally, Mitchell fails to provide more than a perfunctory and conclusory assertion that the district court erred in granting summary judgment. *See Sapuppo*, 739 F.3d at 681.

Moreover, Mitchell fails to address the grounds on which the district court's decision was based. For example, the district court held—among other things—that the officers' use of deadly force was objectively reasonable under the circumstances, regardless of whether the officers violated departmental policy earlier in their encounter with Ray Anson Mitchell. The district court further concluded the officers were entitled to qualified immunity because it was not clearly established at the time of the shooting that their actions would violate the

Constitution. Mitchell provides no legal arguments, much less relevant authorities, contradicting the district court's conclusions on these (or any other) dispositive issues. *See id.* at 680.

## II. CONCLUSION

Mitchell has waived or otherwise abandoned review of all challenges to the district court's order granting summary judgment. We therefore affirm.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 04, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-13851-GG
Case Style: Ann Mitchell v. City of Mobile, et al
District Court Docket No: 1:15-cv-00360-CG-C

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs